DICKINSON-REED-RANDERSON ·COMPANY *v.* STROUPE.

Opinion delivered July 6, 1925.

1. USURY—SUFFICIENCY OF EVIDENCE.—The rule of evidence in usury cases is the same as in any other civil action, and a fair preponderance of the evidence is all that is required to sustain a plea of usury.

2. USURY—DEVICE TO EVADE STATUTE.—There is no device or shift on the part of the lender to evade the statute against usury under or behind which the law will not look in order to ascertain the real nature of the transaction.

3. USURY—USURIOUS DEVICE.—Where plaintiff loaned defendants $10,000 payable to itself in ten years, and took ten interest coupon notes for $700 each, bearing 10 per cent. interest and secured by a first mortgage on land, and at the same time took two notes for $1000 each payable to itself one and two years after date, secured by a second mortgage, the transaction is usurious, and it is no defense against the charge of usury that plaintiff sold the notes for $10,000 to one of its customers and retained the other notes as its commission.

Appeal from Logan Chancery Court, Northern District; *J. V. Bourland,* Chancellor; affirmed.

*Pearson & Baird, Geo. F. Youmans* and *Kincannon & Kincannon,* for appellant.

*Evans & Evans* and *W. B. Rhyne,* for appellee.

HART, J.   On July 10, 1922, Dickinson-Reed-Randerson Company, a corporation, brought this suit in equity against Henry Stroupe and Ella Stroupe, his wife, to foreclose a mortgage on real estate and to obtain judgment against them in the sum of $2,000 on notes which the mortgage was given to secure.

The defendants pleaded usury as a defense to the action.   The chancellor sustained the plea of usury and

it was decreed that the complaint of the plaintiff be dismissed for want of equity. The case is here on appeal.

It appears from the record that Dickinson-Reed-Randerson Company is a corporation organized under the laws of State of Oklahoma, and that it is authorized to do business in the State of Arkansas. Ella Stroupe is the owner of 320 acres of land in Logan County, Ark., and made an application in writing to said corporation for a loan of $10,000. The application resulted in the execution of a written contract between said parties for the loan. The loan contract was also signed by Henry Stroupe, the husband of Ella Stroupe. The contract recites that the applicant appoints the Dickinson-Reed-Randerson Company as her agent to negotiate for her a loan of $10,000 for ten years from December 1, 1920, with interest at the rate of 7 per cent. per annum on the first day of December in each year. The notes and the mortgage given to secure their payment were to be paid to any one designated by the agent. The contract further recites that the applicant agrees to pay said corporation the sum of $2,000 as compensation for its services in negotiating the loan. This amount is to be payable according to the terms of the two notes for $1,000 each, due respectively December 1, 1921 and 1922.

Pursuant to this contract, on the 7th day of December, 1920, Ella Stroupe and Henry Stroupe, her husband, executed a mortgage on said 320 acres of land in Logan County, Ark., to Dickinson-Reed-Randerson Company, a corporation, to secure the sum of $10,000 for money borrowed evidenced by a promissory note of even date, with interest thereon from date until maturity, at the rate of 7 per cent. per annum, payable annually, which interest is evidenced by certain coupon interest notes; but with interest after maturity at the rate of ten per cent. per annum until paid. This mortgage was duly acknowledged and filed for record. On December 7, 1920, Ella Stroupe and Henry Stroupe also executed two promissory notes for $1,000 each, due respectively on

the first day of December 1921 and 1922. These notes were also payable to the order of Dickinson-Reed-Randerson Company, with interest at the rate of 10 per cent. per annum after maturity until paid. The notes were secured by a second mortgage on said 320 acres of land. This mortgage, as well as the first mortgage referred to above, contained a provision that in no event should the rate of interest upon the indebtedness secured exceed 10 per cent. per annum.

R. S. Randerson was a witness for the plaintiff. According to his testimony, he is secretary and treasurer of the Dickinson-Reed-Randerson Company and testified that said company never intended to make a usurious loan in the State of Arkansas, and did not intend to make a usurious loan out of the one in question. The plaintiff sold and transferred the first mortgage, which was given to secure the $10,000 to another person and has no interest whatever in it. It simply took the loan in its own name and sold it to one of its customers for the purpose of obtaining the money which was loaned to the defendants. According to his testimony, the plaintiff simply acted as agent for the defendants in the transaction. His testimony was corroborated by that of L. F. Dotson, chief clerk of the plaintiff.

Henry Stroupe was a witness for the defendants. According to his testimony, he acted as agent for his wife in securing the loan. He had the negotiation exclusively with G. S. Minmier and Harry Raines. It was his understanding that they were to secure a loan of $10,000 with interest payable annually at the rate of 7 per cent. per annum each year for ten years, which was to be until the maturity of the loan. They further agreed to pay 2 per cent. commission on $10,000 to be apportioned during the ten years so that the interest would be 9 per cent. per annum each year. At the end of the first year he made arrangements to pay $900. That is $700 interest and two per cent. commission on $10,000 as the defendants had agreed to do. The plaintiff refused to

accept this offer and demanded the full amount claimed to be due which was $700 interest and $1,000 principal making a total of $1,700.

The record shows that the mortgage which was given to secure the two notes for $1,000 each contains a clause making both notes due at the option of the holder upon default of the payment of the first note when it became due.

The chancellor found that the whole transaction was a mere device to evade the usury law of the State of Arkansas, and that the case was ruled by the principles of law decided in *Tompkins* v. *Vaught,* 138 Ark. 262, and *Dupree* v. *Virgil R. Coss Mtg. Co.,* 167 Ark. 18.

Without attempting to discuss the evidence in detail, we deem it enough to say that it was sufficient to justify the conclusions of the chancellor. The rule of evidence is the same in usury cases as in any other civil action, and a fair preponderance of the evidence is all that is required to sustain a plea of usury. It also results from the principles of law decided in the cases above cited that there is no device or shift on the part of the lender to evade the statute under or behind which the law will not look in order to ascertain the real nature of the transaction.

The record shows that Ella Stroupe made a written application to the plaintiff for a loan to bear 7 per cent. interest from date payable annually. She gave her note payable to the order of the plaintiff for $10,000, ten years after date. She also executed ten coupon interest notes for $700 each for the interest. On the same day Ella Stroupe also executed to the plaintiff two notes for $1,000 each, due respectively one and two years after date, and executed a mortgage on the same tract of land to secure these notes.

It is true that agents of the plaintiff testified that these notes were given as commission to the plaintiff, and that it sold the $10,000 note to one of its customers for the money which it loaned the defendants. It is also true

that each mortgage recites that there was no intent on the part of the lender to charge usury. The fact remains, however, that the whole transaction was had between the plaintiff and the defendants. The defendants never received but $10,000 from the plaintiff. They executed coupon notes for the interest in the sum of $700 each for ten years which was the period of the loan. In addition the defendants executed to the plaintiff two notes for $1,000 each, and no part of this amount was received by them, and this amount under the finding of the chancellor became a part of the interest charged.

The chancellor was justified in finding the transaction to be one where the plaintiff made the loan and subsequently sold it to an investor of money. If the plaintiff in fact made the loan, it could not divest the transaction of the taint of usury by afterwards selling the note and mortgage to another. To sanction such a transaction would be to uphold a palpable evasion of our usury statute. The formalities and contrivances resorted to, when considered in the light of the testimony, warranted the court below in holding that the evidence showed the transaction to be usurious. If the loan was in fact made by the plaintiff, and it did not act as a broker in the matter, it needs no argument to demonstrate that an unlawful rate of interest was charged. In all essential particulars the facts in the case at bar parallel the facts in the cases above cited.

It follows therefore that the decree must be affirmed.