Hogan *v.* Thompson.

4-2735

Opinion delivered November 14, 1932.

*J. Roy Howard,* for appellant.

*Fred A. Isgrig* and *Harry Robinson,* for appellee.

Butler, J. Suit was instituted by the appellee in the court below to recover on a promissory note executed by the appellant, due six months after date, with interest thereon at the rate of 10 per cent. per annum from date until paid. The answer admitted the execution of the note, but set up usury as a defense thereto. The case was submitted to the court sitting as a jury on the following agreed facts:

"That on November 17, 1931, the defendant, J. P. Hogan, applied to the plaintiff, Anne Thompson, for a loan of $100. That the plaintiff was engaged in the loan business in Little Rock, Arkansas, and that she was also the agent of the Merchants' Coupon Service Company of

New York, a large firm dealing in all kinds of jewelry, radios, washing machines, and other merchandise.

"That the plaintiff agreed to make the defendant a loan of $100 if he would purchase a $10 coupon at the cost of $7.50, which he could use for $10 cash in the purchase of $40 or more merchandise from the Merchants' Coupon Service Company.

"That the defendant agreed to purchase said coupon, and gave his note for $100, due six months after date and bearing interest at the rate of 10 per cent. per annum, as evidenced by the note filed with the complaint. That defendant received $92.50 cash and a $10 coupon.

"Defendant admits that the coupon may be used for $10 cash upon the purchase of any article of $40 or more, but states that he has not used, or does not intend to use, said coupon, and that he agreed to purchase it in order to obtain the loan.

"It is further agreed that the plaintiff did not know at the time the loan was made that the defendant did not intend to use the coupon in the purchase of merchandise."

The conventional rate of interest in this State is 10 per cent., and, by § 13 of article 19 of the Constitution, all contracts for a greater rate of interest are declared to be void. This constitutional inhibition cannot be avoided by any trick or device, and the courts will closely scrutinize every suspicious transaction in order to ascertain its real nature; and if it appears that the contract is merely one for the loan of money with the intention on the part of the lender to exact more than the lawful rate of interest, the contract will be declared usurious and void. *Ellenbogen* v. *Griffey,* 55 Ark. 268, 18 S. W. 126; *Reeve* v. *Ladies' Building Ass'n,* 56 Ark. 320, 19 S. W. 917; *Dickerson-Reed, etc., Co.* v. *Stroupe,* 169 Ark. 277, 275 S. W. 520.

The principles by which the usury laws are to be applied in any given case are well settled. The burden rests upon the party pleading usury to establish it by a fair preponderance of the testimony, and it must appear that

there was an intent by the lender to exact more than the lawful rate of interest, and usury will not be inferred where the opposite conclusion can be reasonably reached. *Citizens' Bank, v. Murphy,* 83 Ark. 31, 102 S. W. 697; *Bauer v. Wade,* 170 Ark. 1020, 282 S. W. 359; *Cammack v. Runyan Creamery Co.,* 175 Ark. 601, 299 S. W. 1023. Collateral contracts entered into contemporaneously with a contract for the lending and borrowing of money, where the collateral agreement is in itself lawful and made in good faith, will not invalidate the contract for the loan of money as usurious, although its effect might be to exact more from the borrower than the sum which would accrue to the lender from a legal rate of interest. This is based on the principle that, since the law forfeits the entire loan and interest thereon for an exaction of usurious interest, however small, the intent to exact a usurious interest must be clearly shown and will not be inferred where, from the circumstances, the opposite conclusion can be reasonably and fairly reached. In the application of that principle, it was held in the case of *Citizens' Bank v. Murphy, supra,* that a loan of money was not usurious although the lender received certain commissions for collecting money which was applied to the payment of the debt, which commissions with the interest charged exceeded 10 per cent.

In *Simpson v. Smith Savings Society,* 178 Ark. 921, 12 S. W. (2d) 890, the court quoted with approval the general rule stated in 27 R. C. L., § 31, at page 230, to the effect that an agreement for a loan is not usurious, even though the lender refused to make it unless the borrower would enter into another contract from which the lender might gain advantage, if the collateral agreement was fair and legal.

In the case at bar the appellee was engaged in the loan business, and was also the agent of a mercantile firm which dealt in various commodities. The $10 coupon which the appellee required the appellant to purchase as a condition precedent to her making the loan could be applied in payment at its face value upon the purchase price

of any article of merchandise amounting to $40 or more purchased from the mercantile company. In the absence of a showing to the contrary, we must infer that the articles in which the mercantile company dealt were such as the company purported them to be, and the price for which they would be sold would be such as was usual and customary for such articles, and that they were worth the price demanded. The borrower did not intend to purchase any of the articles of merchandise or to use the coupon, but only bought it in order to obtain the money. The lender, however, at that time did not know that the borrower did not intend to use the coupon in the purchase of the merchandise. Therefore there can be no presumption that she intended the sale of the coupon as a device by which she might extort a sum greater than the legal rate of interest from the buyer, and, applying to the transaction the principles heretofore announced, we conclude that the court correctly found there was no usury shown, and that the appellee was entitled to recover her debt and interest.

Affirmed.