TISDALE *v.* TANKERSLEY.

4-4113

Opinion delivered January 27, 1936.

*Cravens, Cravens & Friedman,* for appellant.
*D. L. Ford,* for appellee.

BAKER, J.  John Tisdale, by this appeal, seeks to reverse a decree of the chancery court declaring a contract he had entered into with the appellee and her husband, Arthur Tankersley, usurious.

Arthur Tankersley was in jail at Fort Smith in December of 1934 awaiting the action of the grand jury upon some felony charge.  Bond, which he had been unable to make, had been fixed at $1,500.  His wife, Goldie Tankersley, desiring to secure his release from custody, went to John Tisdale, who was said to be a professional bondsman and money lender, and asked Tisdale to make the bond for the release of her husband.  Tisdale finally agreed to make the bond and did execute it, and Tankersley was released from jail.  The appellee here, Goldie Tankersley, was not able to pay the cash consideration for the bond, nor did she have money enough to pay a fine which had been assessed against her husband upon another charge, the amount of which, together with costs, was $31.70.  She and her attorney, on the 24th of December, 1934, upon her last appeal to Tisdale, borrowed money from Tisdale, who wrote a check for the $31.70, payable to the sheriff for the fine and costs against Arthur Tankersley, and Tisdale also wrote another check for $100, which he gave to Mrs. Tankersley, who took the check out of Tisdale's office to some mercantile establishment where she cashed it.  She then returned to Tisdale's office and after paying her husband's attorney, who accompanied her, $25, she delivered the remaining $75 to Tisdale.

To procure this money from Tisdale, Mrs. Tankersley and her husband executed to him a deed conveying some property south of Fort Smith, consisting of two acres of ground, improved by a filling station and house, and a tourist camp with several small buildings.  This conveyance was by deed in absolute form, purporting to convey a title in fee.  At the same time of the execution of this deed, a contract was signed by all the parties.  The effect of this contract was that the conveyance of the real property was to secure the payment of the indebtedness that arose when Tisdale gave the two checks above mentioned, one payable to the sheriff for $31.70 and

the other to Mrs. Tankersley for $100, $25 of which she paid an attorney, and $75 of which she returned to Tisdale. The contract provided that, if the indebtedness amounting to $131.70 should not be repaid within 30 days, the deed should become absolute. No dispute arose between the parties as to the effect of the deed and contract, but these instruments are treated by all of the parties as constituting a mortgage upon the real property for the payment of the debt.

The real controversy here, however, arises out of the $100 check. Mrs. Tankersley filed a suit in the chancery court alleging that the actual indebtedness was $50, premium or compensation for the execution of the bond; $25 for money which she delivered to her husband's attorney, and that the remaining $25 of the $100 check for a charge of interest for the 30-day period, or until maturity of the contract for repayment.

Tisdale's contention is that the charge for the bond was $75 and not $50, and that there was no interest charge. He asserts and insists that he refused to execute the bond for less than $75, unless Arthur Tankersley's father would sign the bond, in which event he says he offered to sign it himself for $50, but Tankersley's father would not sign the bond. Therefore, he was entitled, according to his contention, to the charge of $75, which he says was agreed upon, and, on account of the risk in the particular case, he also claims the charge was justified.

As we understand the record, there seems to be proof that bonds are sometimes executed at the rate of $50 for each $1,000 obligation. There is also some proof that the $75 was a reasonable charge. Before this bond was executed, however, it was reduced from $1,500 to $1,000. Several witnesses testified for the appellee as to the agreement made tending to show that the bond was to be executed for $50. Other witnesses testified that the agreement was for $75 and among the witnesses who testified to this effect was the attorney for Mr. Tankersley, who got $25 on his fee out of this $100 check and who aided Mrs. Tankersley in the procurement of this

money from Tisdale, and in having him execute the appearance bond for Tankersley.

Mrs. Tankersley was unable to pay this indebtedness at the maturity date thereof, and Tisdale extended the period of payment at least once and then placed the deed of record, which he had received from Mrs. Tankersley and her husband. Shortly thereafter the suit was filed by Mrs. Tankersley, alleging the facts which she contends are true, as above set out. This is to say, she charged or alleged in her complaint that Tisdale had charged $25 interest on $106.70, which she admitted she owed, making a total indebtedness, evidenced by the contract, of $131.70. She alleged that this was usurious and asked for the cancellation of the deed and contract on account of the consequent invalidity. Just prior to the filing of the suit, Mrs. Tankersley procured from Tisdale a letter to be sent to Judge Sam Lawrence of Fort Smith, from whom she had attempted to borrow money, as she claimed, to repay Tisdale. Tisdale wrote the letter advising Judge Lawrence that he would accept $150, if paid for Mrs. Tankersley on that day, January 24, 1935, and would execute a deed reconveying the property to her. Mrs. Tankersley claims that the $18.30, over and above the contract amount, which she had agreed to pay, was an additional charge of interest made by Tisdale. Tisdale claims that the amount was for expense incurred by him in regard to the loan, including the recording of the deed, delinquent taxes, etc., and to give her some cash she then needed.

It was also shown, in contradiction of what Tisdale said, that the lands were not on the tax rolls. It is urged that this additional charge of $18.30, at the time it was made by Tisdale, was explained by him that it was for interest that had accrued upon the debt.

This proof, however, in regard to the last-mentioned item does not establish in itself a usurious charge, for the reason that it does not show any agreement to pay exceeding 10 per cent. as the contract rate, nor does it show any scheme or plan assigned or agreed to by the appellee to exceed the legal rate. It may have been, and probably was, an injust exaction. The foregoing state-

ment of undisputed facts is not made with the idea that all of the matters in testimony should be set forth, but rather for the purpose of showing the controverted proposition presented here on appeal. Even to the casual reader, it will appear, therefore, that if the testimony on behalf of the appellee be believed, the decree is justified, and must be affirmed. On the other hand, if appellant's witnesses and their statements are believed and appellee's contentions are found untrue, then the cause should be reversed.

We have made the effort, by the foregoing statements, to show that a discussion of the details brought out by the testimony would be of little value.

It is rather difficult to determine, with certainty, what the true facts are, as we do not believe any of the testimony is demonstrably false. The chancellor's findings are not shown to be contrary to a preponderance of the evidence.

Therefore since the trial court found that the price or charge for the bond was $50, that $25 was an interest charge on $106.70 for 30 days, making a total charge of $131.70, the amount for which the parties signed the contract, the whole transaction was void on account of usury.

It is argued that the quantum of proof should be such as to establish the charge of usury by testimony clear and convincing. Such is not our understanding. The facts in regard to the charge of usury may be established by preponderance of the testimony as facts are generally so determined in other civil litigation. *Dickinson-Reed-Randerson Company* v. *Stroupe*, 169 Ark. 277, 275 S. W. 520; *Hogan* v. *Thompson*, 186 Ark. 497, 498, 54 S. W. (2d) 303; *Rouw* v. *Arts*, 174 Ark. 79, 294 S. W. 993.

The foregoing are among the last announcements of this court upon that subject and by them we are bound.

A full and complete consideration of all the testimony discloses no error, and the decree is affirmed.

Since the submission of this appeal a motion suggesting the death of appellee has been filed herein and praying a revivor in her heirs. Judgment here will be in name of heirs.