**GLOVER v. BUCHMAN.**

No. 10385.

Court of Civil Appeals of Texas. Galveston.

March 25, 1937.

Rehearing Denied April 22, 1937.

J. M. Heflin, of Houston, for appellant.

Peden, Johnson & Peden, of Houston, and Julien C. Hyer and A. W. Christian, both of Fort Worth, for appellee.

CODY, Justice.

Appellee, V. L. Buchman, brought suit in a justice court of Harris county against William G. Glover. The only defense urged was usury. From an adverse judgment in the justice court, Buchman appealed to the court below; from an adverse judgment there, Glover appeals. The cause was submitted upon an agreed statement, of which the following is the substance:

1. Appellee, who resides in Arkansas, on February 23, 1935, was doing business as the Bay Loan Company in Houston, and was duly licensed to engage in the business of making loans. He was also the sales representative of the Merchants Coupon Service Company of 275 Broadway, New York City, which was engaged in the sale and distribution of jewelry, household articles, and similar merchandise. On said date, with the knowledge and consent of the Merchants Coupon Service Company, L. W. Batchelor represented Buchman, both with respect to making loans, and of selling the coupons issued by the Coupon Service Company, which entitled a holder to a credit on the purchase price of such merchandise.

2. On February 23, 1935, the defendant, Glover, applied to plaintiff's agent, Batchelor, at Houston, for a loan of $100. The agent was willing to make defendant the loan, but only on condition defendant would purchase at the cost of $10, a coupon issued by the Coupon Service Company. The coupon was for the face value of $12.50, and entitled the defendant to a cash credit of 25 per cent. of the manufacturer's established prices, up to and including $50, in the purchase of any merchandise of which the Coupon Service Company was distributor. In connection with the purchase of the coupon, defendant was required to sign a receipt, which, though lengthy, contains nothing essential to the understanding of this opinion.

3. In consideration of the loan of the $100 in money and of the delivery to him of the coupon, the defendant executed and

delivered to plaintiff's agent, his promissory note, as follows:

"110.00     Houston, Texas, Feb. 23, 1935.

"30 days after date I promise to pay to the order of Bay Loan Company One Hundred and ten—no/100 dollars for value received, negotiable and payable without defalcation or discount, at Houston, Texas, with interest from date at the rate of ten per cent per annum until paid."

4. The prices for the merchandise were listed in a catalogue in the possession of Batchelor, and which was open to defendant's inspection, and such prices were fair and reasonable. The defendant would, had he purchased any of such merchandise, have received on the coupon credit of 25 per cent. of their prices, up to and including $50.

5. At the time of the transaction, the defendant had no intention of purchasing any of the merchandise, or using the coupon, and has never had any such intention, but this fact he did not communicate; and neither plaintiff nor his agent knew at the time the loan was made that defendant did not intend to use it.

6. The coupon was purchased by defendant at the solicitation of plaintiff's agent, and the loan would not have been made had defendant not applied for and accepted the coupon.

The same plan of making loans, as that used by plaintiff, was held by the Supreme Court of Oklahoma, in Page v. Johnson, 174 Okl. 516, 51 P.(2d) 301, 302, not to be usurious, upon the principle stated in this language: "In determining whether or not a given contract for the payment of money is usurious it is clearly the rule that where the contract is susceptible of two constructions, the one lawful and the other unlawful, the former will be adopted. * * * This on the theory that presumptions of law are in favor of good faith. Men are presumed to intend to keep within the law, and if their contracts can be enforced within the law, the law will presume such was the intent, and so consider it."

A like holding with reference to the same plan was made by the Alabama Court of Appeals, and certiorari denied by the Supreme Court, 229 Ala. 68, 155 So. 638, in Hornsby v. Rush, 26 Ala.App. 170, 155 So. 637. And there is a like holding by the Supreme Court of Arkansas in Hogan v. Thompson, 186 Ark. 497, 54 S.W.(2d) 303.

We, however, take a different view of the plan. We do not question the propriety of the principle of construction employed by the Oklahoma Supreme Court in Page v. Johnson, when a court is confronted with a situation such as was dealt with in the case of Walker v. Temple Trust Company, 124 Tex. 575, 80 S.W.(2d) 935, 937, where it was said: "We think that in this instance the contract construed as a whole clearly is susceptible of a construction that, notwithstanding the literal words of the acceleration clause in the second deed of trust, the parties did not contemplate the payment of unearned interest in the event of default and maturity of the indebtedness. In fact, we think the contract fairly construed as a whole shows an intention not to do so."

In order for the borrower, under this plan of lending money, to have availed himself of the total credit of $12.50, represented by the coupon, he must have spent for merchandise the sum of $50. While the agreed statement shows that the articles of merchandise can be ordered through the lender's agent at fair prices, there is no pretense they can be had at bargain prices. It is not unreasonable to expect, in the case of some borrowers, that they might avail themselves of a portion of the credit represented by the coupon; it is not incredible that some borrowers may use $50 of the $100 borrowed, to purchase the merchandise, and thereby avail themselves of the full credit value of the coupon. But it is unreasonable to expect needy persons, as a rule, to make full use of such a coupon, exacted from their necessity when they borrow a hundred dollars. And what is unreasonable to expect, it is safe to say, the parties did not contemplate. The agreed statement clearly avows that the defendant had no intention of making use of the coupon. The avowal with respect to plaintiff's purpose of exacting usury is equivocal. True, it is stated that he did not know that defendant did not intend to use the coupon, and that defendant did not communicate to him that he had no intention to use it. But this avowal is the only explanation plaintiff has offered of a transaction that he knows defendant claims to have been intended by both parties as a subterfuge to conceal a contract to pay a bonus that is usurious. And this,

68

too, where the only thing that can possibly save the transaction from being construed to be usurious is the good faith purpose of the plaintiff not to receive the $10 as a bonus, but as a credit on the purchase of $50 worth of merchandise. We believe the intention of the plaintiff, in requiring the defendant to buy the credit coupon, was to exact a bonus for the use of the money in excess of the lawful rate of interest. As is stated in 42 Tex.Jur. page 885: "If there be an intention to charge usury, no matter how the transaction may be veiled or disguised, the courts will look through the form to the substance of the transaction and condemn the contract as usurious. * * * The courts of Texas have exercised jealous vigilance in discovering and rebuking usury whenever and in whatever disguise it may have been shown to exist."

Not to hold that this plan, which, in nine cases out of ten, must result in the lender receiving usury, does not disclose the intention to exact usury would be, to use the language of the Walker Case, "to sacrifice substance to form and thwart, by literal interpretation of a few words, the clear intent and understanding of both parties."

The appellant has not asked for penalties, but simply that appellee's recovery be limited to the principal sum of $100. The judgment of the court below is reversed, and here rendered as defendant requests, that plaintiff recover from defendant, without interest, the sum of $100.

Reversed and rendered.