740

5-3866                                   401 S. W. 2d 743

Opinion delivered April 25, 1966

*Spencer & Spencer,* for appellant.

*W. C. Medley,* for appellee.

Guy Amsler, Justice. On the 21st day of October, 1959, W. L. Furlow, appellee, conveyed to appellants Eddie Hugh Dismute and wife, Christine Roberta Dismute, a house and lot in Calhoun County, Arkansas.

The warranty deed recited a consideration of $7,-200; $120 cash and the balance in installments of $60 each month beginning December 1, 1959, and ending October 1, 1969. According to the terms of the deed past due payments were to bear 8% interest and if grantees were more than 90 days in default grantor was authorized, at his option, to declare the entire debt due and payable immediately and to begin foreclosure proceedings on the vendor's lien which was retained. Provision was made for grantees to carry $4,000 fire insurance on the property "payable to the vendor as his interest may appear." In the lower left hand corner of the deed is written "accepted this 31st day of October, 1959," signed by the Dismutes.

Simultaneous with, or prior to, the sale and purchase grantees moved into the modest dwelling located on the premises and insurance was taken out in compliance with the contract.

Appellants continued to reside in the dwelling for a little over four years. Payments were made somewhat irregularly and at the time the home was totally destroyed by fire on November 10, 1963, they were about $1,000 in arrears. Sometime during this period of occupancy the Dismutes permitted the $4,000 insurance to lapse. Furlow, learning of this, obtained $3,000 fire insurance on the house at his own expense.

Following the fire a check from the insurance company for $3,000, covering the loss, was made payable to Furlow and the Dismutes. There was a disagreement over ownership of the $3,000 and litigation followed.

Appellants brought suit in the Calhoun Chancery Court praying that the vendor's lien retained in the aforementioned deed be cancelled, as being usurious and that they be awarded the $3,000 proceeds from the insurance policy.

The Honorable R. W. Launius heard proof in the case on April 28, 1964, but did not enter a decree before his demise the following month. By agreement of the parties the case was submitted to the Honorable Jim Rowan, who succeeded Chancellor Launius, on the pleadings and a transcript of the record previously made.

The trial court resolved the issues against appellants and decreed a foreclosure of the vendor's lien and payment of the $3,000 to appellee. After crediting payments previously made by the Dismutes, the insurance money and proceeds from sale of the parcel of land a deficiency judgment in the amount of $2,270 was entered against appellants. This appeal followed.

Appellants' principal point urged for reversal is

that the transaction was usurious, and the court erred in refusing to cancel the lien retained in the deed and in foreclosing the lien and awarding judgment against appellants.

To be more specific appellants say "the only real question is whether a sale price of $4,000 was agreed upon." To support their contention that $4,000 was the price agreed on, appellants presented three witnesses. Appellant Eddie Dismute, a laborer, testified that before the deed was executed Furlow agreed to sell the place for $4,000 and that the remainder of the $7,200 recited in the conveyance was interest. Jethro McCrae, math and science teacher, former school principal and father of Christine Dismute, said he was present when Mr. Furlow talked with the Dismutes and he, Furlow, said "he would take $4,000 if they had the money to pay for it." Christine Dismute, an appellant, testified that the purchase price was $4,000. "I signed the deed with the understanding the house was sold for $4,000. I read the deed before I signed it. I was teaching at the High School at the time. I am a college graduate."

Appellee Furlow claims that $4,000 was never discussed except regarding insurance and that the sale was $7,200 just as set out in the agreement. There is no doubt that the contract is usurious if $4,000 was the price agreed upon. The terms of the deed are clear and unambiguous. $7,200 is recited as the consideration. $60 per month for 118 months is easily understood. 8% interest on delinquent payments is clear. Certainly a college graduate could comprehend the terms of the written agreement and there is no suggestion that she and her husband were coerced or misled. They may have entered into an improvident contract but the law offers no relief for that unless there are extenuating circumstances such as fraud or deception.

Appellants contend that they are only required to show usury by a preponderance of the evidence. They rely on *Tisdale* v. *Tankersley,* 192 Ark. 70, 90 S. W. 2d

225; *Tisdale* v. *Maness,* 192 Ark. 465, 92 S. W. 2d 380; *Haley* v. *Greenhaw,* 235 Ark. 481, 360 S. W. 2d 753; and similar holdings in support of their theory of the law.

On the other hand appellee takes the position that the learned Chancellor was correct in applying the "clear and convincing" rule. In support of this are *Simpson* v. *Smith Savings Society,* 178 Ark. 921, 12 S. W. 2d 890; and *Baxter* v. *Jackson,* 193 Ark. 996, 104 S. W. 2d 202. There is an extensive summary of our holdings in usury cases in *Sloan* v. *Sears Roebuck and Company,* 228 Ark. 464, 308 S. W. 2d 802.

Our conclusion in this case to the effect that the Chancellor's decision is not contrary to a preponderance of the evidence obviates the necessity of reaching the question of which rule on the quantum of proof applies. Also an extended discussion on what might appear to be conflicts in previous opinions would serve no useful purpose.

Affirmed.

COBB, J., disqualified and not participating.