FRANKLIN OFFICES, INC. and Dr. Elvin K. Franklin, Appellants,

v.

Charles F. HARDING and Charles W. Spencer, Appellees.

No. 19877.

Court of Civil Appeals of Texas, Dallas.

Jan. 12, 1979.

Rehearing Denied Feb. 7, 1979.

Alan Wilson, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellants.

G. Leroy Street, Geary, Stahl, Rohde & Spencer, Dallas, for appellees.

Before GUITTARD, C. J., STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

A district court denied plaintiffs' application for temporary injunction to restrain a foreclosure sale of land under a deed of trust, and we granted their application for an ancillary writ of temporary injunction to preserve our jurisdiction. The basis allowed for injunctive relief is that the loan in question is usurious and, after applying statutory usury penalties, that there was no balance in default justifying foreclosure. Plaintiffs assert that the loan is usurious for two reasons; first, that the loan was to two brothers for their own personal use rather than to a corporation, the named borrower, and second, that after deducting the amount they were required to pay for an overriding royalty interest in certain oil, gas and mineral leases, the interest on the true principal was more than twice the lawful rate of ten per cent allowed for a loan to a non-corporate borrower. Consequently, plaintiffs claim forfeiture of the principal as well as the interest under Tex.Rev. Civ.Stat. art. 5069–1.06 (Vernon 1971).

We hold the evidence fails to demonstrate that the trial court abused its discretion in refusing the injunction.

We restrict our determination to whether there is a clear abuse of discretion by the trial court. This court has said many times the temporary injunction hearing is not a substitute for, nor does it serve the same purpose as, a hearing on the merits. *See Electronic Data Systems Corp. v. Powell*, 524 S.W.2d 393, 395 (Tex.Civ.App.— Dallas 1975, writ ref'd n. r. e.). As the burden of proof is strictly on plaintiffs, and no findings of fact or conclusions of law were filed, we have examined the evidence for the purpose of determining whether plaintiffs' right to injunctive relief was so clearly established that the trial court abused its discretion.

Plaintiffs are Franklin Offices, Inc. and Dr. Elvin K. Franklin, a dentist, who personally guaranteed the promissory note in writing and delivered his deed of trust as security for the guaranty of the note. Defendants are Charles F. Harding, the lender, and Charles W. Spencer, the substitute trustee, who posted the notice of foreclosure. Franklin Offices, Inc. was a family-owned corporation and had three directors; Dr. Melvin R. Franklin, its president, Mary Catherine Franklin, its secretary, and Dr. Elvin K. Franklin. The latter had known Mr. Harding for some twenty-five years, but it was Dr. Melvin R. Franklin, deceased, at the time of the district court's hearing and never a party to this suit, who first approached Harding about a loan.

Pursuant to a resolution by its directors, Franklin Offices, Inc. borrowed $313,000 from Harding. There is testimony that the corporation turned the proceeds over to Dr. Elvin K. Franklin, but the trail fades out so far as evidencing the intent and motives of the principals or to the actual use the money was put. Mr. Harding testified that when the Drs. Franklin initially discussed with him the proposed loan, he told them that on advice of counsel he could not lend it to them individually and that to charge eighteen per cent, it had to be loaned through a corporation. We do know that the proposed loan was $300,000 but that it was increased by $13,000 when Dr. Elvin K. bought one-half interest in an overriding royalty out of production from certain oil, gas and mineral leases.

The assignment was from Harding to Dr. Elvin K., personally, not to the corporation. Whether this transaction resulted from the efforts of an over-eager borrower or was forced by the lender is not clearly established, as Dr. Elvin K. never did testify concerning his recollection of what was said by himself and Harding to each other regarding the purchase of the royalty interest except that he was told by Harding they would have to buy the oil interest. Mr. Harding was a bit more articulate when asked if he required this purchase, saying he suggested the purchase of the assignment of the royalty interest and Dr. Elvin K. Franklin was willing to buy it in order to induce him to make the loan. Apparently, the trial court concluded that plaintiffs failed to establish that the royalty had no value.

There is no allegation or contention that either of the Drs. Franklin was inexperienced in the world of finance, at knowing and being able to determine value of the land in question, or at borrowing substantial sums of money. The contrary is abundantly established. The record does not show one way or the other the expertise, if any, of the Drs. Franklin in the oil and gas industry, but Dr. Elvin K. testified that he considers the subject royalty interest to be of no value. He has not recorded the assignment and does not know whether he is entitled to any payments from it. Mr. Harding, on the other hand, an independent oil operator for over twenty-five years, testified that the fair market value of this one-half oil royalty interest was $12,500 and that he retains ownership of the other one-half interest. His testimony supports the trial court's implied finding of value received. Neither does the evidence establish conclusively that the loan to the corporation was a subterfuge to cloak an actual loan to the individual plaintiff at a greater rate of interest than allowed by law. That the

Drs. Franklin may or may not have by express design intended to use the proceeds for their individual purposes is neither sufficient nor decisive. The lender's admonition that this loan would have to be made through a corporation in order to charge eighteen per cent interest is consistent with the view that he was not willing to lend the money to the Franklins individually at ten per cent interest, but was willing to make a loan to their existing corporation at eighteen per cent. Since Dr. Franklin was an interested witness, the trial court had discretion to weigh the credibility of his testimony and resolve any fact inference against him. Its implied finding on this issue is binding upon us. Thus, no abuse of discretion is shown.

Denial of the temporary injunction is in complete harmony with the law pronounced and applied in *American Century Mortgage Investors v. Regional Center, Ltd.*, 529 S.W.2d 578, 582 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.) with this court speaking through now Chief Justice Guittard:

> The fact that the change from the partnership to the corporation as the borrower was made so as to permit a higher rate of interest does not in itself make the transaction usurious, since such a change is consistent with an intention to comply with the usury laws rather than to evade them, as this court recently concluded in *Skeen v. Glenn Justice Mortgage Co.*, 526 S.W.2d 252 (Tex.Civ.App.—Dallas 1975, no writ). *See also Jenkens v. Moyse*, 254 N.Y. 319, 172 N.E. 521, 522 (1930).

The note, deed of trust, guaranty and assignment of the royalty interest all appear to be in order, and, as stated in *Griffin v. Stewart*, 348 S.W.2d 800, 803 (Tex.Civ. App.—Amarillo 1961, no writ):

> None of the instruments upon their faces provide for the payment of more than the legal rate of interest. Under such statement of facts the burden was on those pleading usury to show that there existed some agreement, device, or subterfuge to charge usury, and that both parties had that purpose in contemplation.

■ Plaintiffs contend the $12,500 paid to Harding for the royalty is interest and urge *Glover v. Buchman*, 104 S.W.2d 66 (Tex.Civ.App.—Galveston 1937, writ dism'd) in support of their position. In *Glover*, the facts showed that the lender was using a "plan" of requiring each borrower to purchase a coupon as a part of the loan transaction, knowing that in many cases the coupon would not actually be used. Consequently, the court held that as a matter of law, the transaction was a subterfuge to charge a bonus, which rendered the loan usurious. The opinion recognizes that if there had been a good faith purchase of the merchandise, the transaction might have been saved from usury. Here plaintiffs have failed to establish conclusively that the parties did not intend the transfer of the royalty to be a benefit to the borrower commensurate with the $12,500 paid. Therefore, the trial court did not abuse its discretion in finding that this payment was not interest.

We are further bound by two established principles of law: (1) a trial court's judgment will be upheld on any theory supported by the record, *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968) and (2) a trial court's judgment either granting or denying a writ will not be reversed unless the appellate courts are convinced that it represents a clear abuse of discretion. *Sun Oil Company v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968). We are not so convinced and affirm the trial court's judgment.

In order to preserve our jurisdiction on motion for rehearing and the jurisdiction of the Supreme Court on application for writ of error, our ancillary injunction will be continued until an application for writ of error is filed, or the time for filing an application expires without it being filed, or the time for a motion for rehearing in this court expires without such a motion being filed. Upon occurrence of any of these events, our injunction will be dissolved.

Affirmed.