W. BROWN CUSTOM BUILDERS, INC.
& Rostland Arizona, Inc., Appellants,

v.

CONTINENTAL NATIONAL BANK OF
FORT WORTH, Appellee.

No. 2-82-006-CV.

Court of Appeals of Texas,
Fort Worth.

May 13, 1982.
Rehearing Denied June 24, 1982.

Winstead, McGuire, Sechrest & Minick, and W. Mike Baggett, Dallas, for appellants.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and Jonathan Nelson, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

MASSEY, Chief Justice.

W. Brown Custom Builders, Inc. and Rostland Arizona, Inc. have appealed an order of the District Court of Tarrant County denying their application for temporary injunction. These appellants sought to prohibit the sale of certain real estate pursuant to a Deed of Trust securing indebtedness owed Continental National Bank of Fort Worth, until such time that appellants' suit for damages based upon alleged fraudulent misrepresentations of the appellee bank and pending below, can be tried on its merits.

We affirm the denial of temporary injunction.

Due to the nature of the case before us, bearing in mind appellant's right to pursue a trial of their cause of action on its merits without prejudice thereto from this court, the factual predicate which bears upon our disposition will be minimal.

W. Brown Custom Builders, Inc. (builders) is the successor in interest to Tarrant Real Estate Development Company, which had earlier purchased a large parcel of land located in Haltom City and North Richland Hills, Tarrant County, Texas, in March of 1976. Continental National Bank of Forth Worth (bank) financed this purchase. Rostland Arizona, Inc. (guarantors) guaranteed payment of the promissory notes assumed by the builders and executed in favor of the bank. As part of the security the entire land parcel was burdened by a deed of trust to protect the bank.

The builders intended to develop the property for residential and commercial purposes. To achieve this end, the builders borrowed $5,350,000.00 from the bank. In February, 1981, the builders fell into default on the indebtedness. As a result the property was scheduled for sale by the trustee on October 6, 1981.

October 5, 1981, the builders and guarantor filed suit in the District Court. In their petition they alleged that, prior to the execution of the notes evidencing their indebtedness, an agent for the bank had promoted and negotiated the sale of the property to the builders and had made certain representations that flood and drainage improvements for the development would cost approximately $650,000.00 and that said sum would thereby render the land commercially usable. Predicated thereon the petition set

up cause of action for fraudulent inducement to contract. Ancillary thereto builders and developer sought injunctive relief to prevent the sale by trustee.

In connection with petition for injunction builders and guarantor prayed that the trial court grant relief as follows:

"(1) Issue an immediate temporary restraining order, without notice, restraining the bank and trustee from conducting the scheduled sale of the property;

"(2) Set a hearing on a temporary injunction and then enjoin the bank and trustee from selling the property pending final hearing on the merits;

"(3) Award to the builders and their guarantor damages and offset same against any alleged amounts found to be due from them to the bank;

"(4) Grant them such other and further relief to which they may show themselves justly entitled."

A temporary restraining order was granted by the trial court on October 5, 1981 and continued by order until December 11, 1981, when the trial court overruled the application for temporary injunction. Therefrom builders and guarantor perfected their appeal.

(Leave to file original proceedings pursuant to Tex.R.Civ.P. 383 (1967) and Tex.Rev. Civ.Stat.Ann. art. 1823 (1964) was granted to appellants by this court conditioned upon their filing $75,000.00 bond. Appellants having done so, this court issued a Writ of Temporary Injunction to protect our jurisdiction which was further conditioned upon appellants' filing $350,000.00 bond to protect the bank's interests pending appeal of the trial court's denial of temporary injunction. See Cause No. 2–81–052–CV, Fort Worth, February 11, 1982.)

■ This court's scope of review in a situation where a trial court has denied an application for temporary injunction is limited; no reversal will be had unless an appellate court is convinced that the denial represents a clear abuse of discretion. *Sun Oil Company v. Whitaker*, 424 S.W.2d 216 (Tex.1968).

In their petition, builders and guarantor alleged actionable fraud on the part of the bank. "Actionable fraud" has been defined by the Texas Supreme Court as follows:

"The authorities announce the general rule that to constitute actionable fraud it must appear: (1) That a material representation was made; (2) that it was false; (3) that, when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury." *Custom Leasing, Inc. v. Texas Bank & Trust Company of Dallas*, 516 S.W.2d 138, 143 (Tex.1974).

■ Appellants argue that because they presented evidence of actionable fraud (in the nature of evidence that would defeat a motion for summary judgment or support submission of a special issue to the jury) then denial of an injunction by the trial court has been demonstrated to be an abuse of discretion. We do not agree. Hearing on an application for a temporary injunction is not a one-sided affair. The bank was clearly entitled to offer evidence which would contradict that offered by the builders in support of the elements of actionable fraud. If the evidence is conflicting, this court may not substitute its judgment for that of the trial court. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). Here there was substantial conflict in the evidence.

The builders and guarantor contend that the evidence was undisputed that the bank made a material representation which was false.

■ We find there to be evidence contradicting the contention. William Brown, President of the appellant builders, testified that the bank made a representation that only $650,000.00 would need to be expended to make the land in question commercially usable. Frank McDowell, the bank officer who allegedly made the representations, un-

equivocally denied that any such estimate or projection had been made. Both were interested witnesses. The trial court, in its discretion, obviously chose to believe Mr. McDowell and to disbelieve Mr. Brown. No abuse of discretion has been shown. *Franklin Offices, Inc. v. Harding*, 579 S.W.2d 254, 256 (Tex.Civ.App.—Dallas 1979, no writ); *Blocker v. Lawrence*, 233 S.W.2d 457, 458 (Tex.Civ.App.—Fort Worth 1950, no writ); *Rudd v. Wallace*, 232 S.W.2d 121, 123 (Tex. Civ.App.—Fort Worth 1950, no writ). Appellants failed to carry their burden of convincing the trial court with respect to the initial element of actionable fraud.

We have severally examined all points of error and overrule all of them. Additional discussion is deemed unnecessary and potentially prejudicial.

We take occasion to comment that nothing in the opinion should be considered as bearing upon the pending cause of action predicated upon fraudulent inducement to contract.

Affirmed.